## In re FISHER'S ESTATE.

### No. 18,368; October 10, 1895.

#### 42 Pac. 237.

**Accounting by Administrator—Who may Question Allowances.—** An administrator, in settling his accounts, presented a voucher signed by deceased's widow for payments alleged to have been made her in pursuance of an order granting her a certain amount as a family allowance. Held, that a creditor of the estate could not object to the allowance of the voucher as a credit on the ground that the amount covered by it had not been actually paid the widow.

APPEAL from Superior Court, San Joaquin County; Ansel Smith, Judge.

In the matter of the estate of Hiram Fisher, deceased. Appeal by S. C. Fisher, administrator, from an order settling his account. Modified.

Elliott & Elliott for appellant; Louttit, Woods & Levinsky for respondent.

HAYNES, C.—A creditor of the estate, whose claim had been allowed and approved by the court, filed several exceptions to the first annual account of the administrator. Several of these exceptions were confessed by the administrator, and after a hearing the court made the following record (omitting formal preliminary matter) : "Now, after having considered said account and report, the objections to the same, and the evidence, the court finds that the amount of money received by said administrator during the time covered by said account and report to be the sum of $2,623.50, and the amount properly paid out and expended by him as such administrator, and for which he should receive credit against said estate, to be $2,207.59, leaving a balance in his hands in favor of said estate of $415.91, and with all property of said estate that has come into his hands and remaining undisposed of. It is therefore ordered that said account, after making the corrections and reductions proper to be made, shows a balance in his hands, of cash, $415.91, and the same is hereby settled, allowed, and approved." From this order the administrator appeals.

The amount received by the administrator, as shown by his account, was not changed by the order. Items excepted to, amounting to $75.75, were admitted by the administrator upon the hearing to be erroneous or unauthorized. His account as filed showed a balance due him from the estate of $148.10. Adding to this the amount found by the court to be in his hands, namely $415.91, showed a total reduction of credits amounting to $564.01. Deducting from this sum the items admitted by the appellant to be erroneous or unauthorized, namely $75.75, leaves the sum of $488.26 taken from his credits by the court. The order made by the court does not show what items amounting to this sum were disallowed, but the bill of exceptions and the briefs of counsel make it reasonably clear that that sum was deducted from the item of $950 claimed by the administrator as a payment on account of "family allowances."

On June 16, 1893, the court made an order that the administrator pay the widow of decedent the sum of $50 per month as a family allowance, "commencing on the twenty-fourth day of November, 1891." The voucher for said item of $950,

signed by the widow, was for nineteen months, commencing November 24, 1891, and ending June 24, 1893. The administrator was sworn and examined touching this item, and admitted that it had not all been paid to the widow; that some moneys had been advanced by him to her prior to the allowance; that other sums were paid to her after the allowance was made; and that at her request the remainder was retained by him to be paid out to or for her as the same should be required. His examination was contradictory and uncertain as to payments made, both as to time and amount, and nothing like a definite and accurate statement of the facts as to the amount paid or remaining unpaid can be arrived at from his examination. The question, however, is presented (and it is the only one noticed by counsel or which appears to be involved in the case), whether a creditor, or anyone save the widow, can attack or question the voucher signed by her. That the order for the payment of an allowance of $50 per month was made was not disputed. That this order has not been modified or vacated is not claimed; and the amount claimed to have been paid thereunder and represented by the voucher of the widow does not exceed the amount so allowed. As between the widow and the creditors of the estate, she is undoubtedly bound by her voucher, and could not be heard afterward to say that she had not received the amount therein admitted to have been paid. She must have had legal notice of the settlement of the amount; and, not having objected, she is bound by the adjudication upon that account so far as affects the estate. Whether she would be bound by her receipt, as between her and her son, who is the administrator, need not be considered. This allowance is a preferred claim against the estate, though where the estate is insolvent it cannot be allowed for a longer period than one year after granting letters testamentary or of administration; but where the estate is solvent, it may be allowed during the progress of the settlement of the estate: Code Civ. Proc., sec. 1466. The creditor excepting to said account as to this item alleged that it was "claimed by said account" that the estate was insolvent, and, if insolvent, that the allowance should not be paid for a greater period than one year; so that the question as to whether the estate was insolvent or not appears to have been brought to the attention of the court, and, as no order was made upon that point, we cannot assume that the estate was

in fact insolvent. However, the account filed by the administrator does not show that the estate is insolvent, but merely shows that the amount paid out exceeded the amount received by the administrator. The examination of the administrator touching this item was had over his objection, and the ruling of the court thereon was duly excepted to; so that the question made by appellant is made upon the admission of evidence as well as upon the final order of the court.

I think the full amount of said voucher, viz., $950, should have been allowed the administrator as a credit upon his account, and that the order appealed from should be modified accordingly, but without costs to either party.

We concur: Vanclief, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the order appealed from is reversed, with directions to modify the same in accordance with the foregoing opinion, and as so modified that it be affirmed.